# FLETCHER & SIPPEL LLC
ATTORNEYS AT LAW

| | |
|---|---|
| 29 North Wacker Drive | Phone: (312) 252-1500 |
| Suite 800 | Fax: (312) 252-2400 |
| Chicago, Illinois 60606-3208 | www.fletcher-sippel.com |

**ROBERT A. WIMBISH**
(312) 252-1504
rwimbish@fletcher-sippel.com

April 16, 2020

300540

ENTERED
Office of Proceedings
April 16, 2020
Part of
Public Record

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Cynthia T. Brown
Chief, Section of Administration
Surface Transportation Board
395 E Street, S.W., Room #1034
Washington, DC 20423-0001

Re:   **Docket No. AB 1252 (Sub-No. 1X)**
      **Eastern Idaho Railroad, L.L.C. – Abandonment Exemption –**
      **in Bonneville County, Idaho**

   Eastern Idaho Railroad, L.L.C. ("EIRR") hereby responds as directed by the Surface Transportation Board (the "Board") to the April 6, 2020 "Comments" filed in the above-referenced proceeding by the City of Idaho Falls, Idaho (the "City"). EIRR – (a) acknowledges that it inadvertently omitted from its abandonment class exemption notice a statement concerning whether or not, based upon information in its possession, the line segment that is the subject of this proceeding may include federally-granted rights-of-way (it has been taking steps to address that omission); and (b) does not object to the City's request for modification to the third enumerated condition set forth in the Draft Environmental Assessment ("DEA"), for the reasons given by the City, although EIRR believes that such a modification is unnecessary.

   As the record in this proceeding reflects, EIRR filed the present abandonment notice of exemption on February 24, 2020, explaining that it was invoking the Board's class exemption procedures to facilitate an arrangement whereby the subject line segment (the "Line") could be dedicated to municipal recreational use under the Board's interim trails use procedures. EIRR and the City had arrived at an understanding that, at the appropriate juncture, the parties would complete and execute a trails use agreement for the Line. But for such an understanding with the City, EIRR would not have sought authorization to abandon the Line.

   On March 6, 2020, the City, as anticipated, requested issuance of a notice of interim trails use ("NITU") and a 180-day public use condition ("PUC"). On March 11, 2020, EIRR advised that it is willing to negotiate an interim trails use arrangement for the Line.

# FLETCHER & SIPPEL LLC

The Honorable Cynthia T. Brown
April 16, 2020
Page 2

      On March 13, 2020, the Board served notice (the "Notice") of EIRR's invocation of the abandonment class exemption for the Line, including publication in the *Federal Register*, indicating that the Board deemed EIRR's exemption filing to be substantively complete. The Notice stated that EIRR's exemption to abandon the Line would take effect as of April 12, 2020, absent a Board-issued stay or the timely filing of an offer of financial assistance ("OFA").[1]

      On March 20, 2020, the Board's Office of Environmental Analysis served the DEA in this proceeding, including a third-enumerated condition (proposed) that imposes certain restrictions upon the removal of historic structures subject to completion of Section 106 processes. Comments on the DEA were due on April 6, 2020.

      On April 6, 2020, the City filed its Comments. Thereafter, predictably, the Board's Acting Director issued an order on April 9, 2020, postponing the effective date of the exemption, and directing EIRR to respond to the City's Comments by April 20, 2020.

      The City's Comments were a surprise. Up to then, EIRR understood that it was working cooperatively with the City under an orderly process to facilitate the City's interim trails use objectives. EIRR expected that, if the City had any misgivings over the content of EIRR's abandonment filing or the scope of the DEA, the parties would coordinate on resolving the issues informally, or, at a minimum, would collaborate to the extent possible on a response to the DEA's proposed mitigation conditions. Despite the misstep, EIRR remains ready and willing to negotiate terms for an interim trails use agreement with the City. EIRR hopes that the current procedural interruption caused by the Comments can be addressed and resolved quickly to put the Board's process toward an interim trails use arrangement back on track.

      EIRR concedes that its abandonment filing omitted mention of whether or not EIRR had reason to believe that any of the Line has any federally-granted rights-of-way. As the City correctly has guessed, the omission was entirely inadvertent. The City has indicated that it believes that some or all of the right-of-way was federally-granted. For current purposes, EIRR does not dispute that much or all of the subject right-of-way may have been federally-granted.

      More important is *why* the City is concerned about federally-granted rights-of-way. On that subject, EIRR has reached out to counsel for the City, and has learned that the City may have in mind, following the effectuation of an interim trails use agreement, to dispose of certain surplus real property along the line that may not be needed for recreational use or for

---

[1] No party has timely filed a notice of intent to pursue the acquisition of the Line (or to subsidize operations over it for up to one year) under the OFA processes.

**FLETCHER & SIPPEL** LLC

The Honorable Cynthia T. Brown
April 16, 2020
Page 3

purposes of restored railroad operations. Such potential, future land dispositions by the City evidently could be affected by pre-existing federal interests. EIRR believes such issues could be addressed adequately by the parties during an NITU negotiating period.

      Ultimately, EIRR understands that the City, having not contacted the railroad, feared that the right-of-way omission could suggest that EIRR would be unwilling to share information in its possession that could be helpful in establishing the existence and scope of federally-granted rights-of-way. The City's concerns are unfounded. Indeed, EIRR has already been providing such information to the City, and hereby commits to sharing any additional information in its possession bearing on the issue with the City as soon as it can. The Board need not order the railroad to comply with the requirements of 49 C.F.R. § 1152.50(d)(1), but EIRR would not object to such an order if the Board nevertheless considers it appropriate.

      Turning now to the scope of the DEA, specifically the proposed third condition regarding historic resources mitigation, EIRR appreciates the City's concern about whether that condition – addressing Section 106 compliance – would preclude the removal of track and ties as a precursor to interim trails use. EIRR would agree that the Idaho State Preservation Officer's (the "SHPO") input on the proposed abandonment (as accounted for in the DEA) appeared to focus upon the two bridges along the Line. As such, it appears that the SHPO may not have intended to bar the removal of rail and crossties along the Line pending completion of the Section 106 process, since it seems to EIRR that the SHPO did not consider the rails and crossties to be of historic significance. It may be, therefore, that the DEA's Section 106 condition, imposing a restriction on the removal of track and ties, is unwarranted. If so, then EIRR would agree that the restriction should be modified as the City has urged.

      Regardless of the SHPO's and the DEA's intent, EIRR believes that the objectives of the City and the railroad in pursuing abandonment authority and implementing in interim trails use arrangement for the Line can be achieved with or without modification to the DEA's recommended third mitigation condition. Accordingly, EIRR does not object to the City's requested modification, but it is not persuaded that such modification is necessary. On a related note, because EIRR has – (1) made clear its motivation for seeking abandonment authorization for the Line; (2) expressed its willingness to negotiate a trails use arrangement with the City: and (3) not objected to the City's request for issuance of a 180-day PUC, EIRR does not understand why the City has requested a specific finding from the Board that that the Line is suitable for other public purposes (Comments at 4-5), or what such a determination would accomplish that a virtually-assured, Board-issued PUC would not. Nevertheless, EIRR hopes that, to avoid additional, unnecessary procedural delay, the City will refrain from attempting further to explain its position on this issue.

# FLETCHER & SIPPEL LLC

The Honorable Cynthia T. Brown
April 16, 2020
Page 4

      Having provided the foregoing response to the City's Comments, EIRR respectfully requests that the Board act promptly to lift the current postponement, and, in the interest of both parties, allow EIRR's class exemption to take effect as soon as possible to facilitate the City's interim trails use plans.

                                          Respectfully submitted,

                                          /s/ *R. A. Wimbish*

                                          Robert A. Wimbish
                                          Attorney for the Eastern Idaho Railroad, LLC

RAW/ah

cc:  All parties of record